IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RUBEN LOPEZ QUIROZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 2:17-cv-0056
Crim. No. 2:14-cr-0200(2)
CHIEF JUDGE SARGUS
Magistrate Judge King

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner challenges his conviction pursuant to 28 U.S.C. § 2255. This matter is before the Court on Petitioner's *Motion for Summary Judgment* (Doc. 925). In that motion, Petitioner contends that summary judgment is warranted because Respondent failed to respond to Petitioner's *Motion to Vacate* as directed by this Court. *See Order* (Doc. 911).

"A habeas corpus petitioner cannot obtain relief through the filing of a motion for summary judgment based upon the respondent's untimely response or failure to file a Return of Writ." *Poulsen v. United States*, Nos. 2:13-cv-259, 2:06-cr-129, 2014 WL 7272228, at *8 (S.D. Ohio Dec. 18, 2014). "Under those circumstances, it is not appropriate to grant the motion for summary judgment, as it would be 'tantamount to granting Petitioner a default judgment which is relief that is unavailable in habeas corpus proceedings.'" *Id*. (citing *Ruff v. Jackson*, No. 1:04–cv–014, 2005 WL 1652607, at *2 (S.D.Ohio June 29, 2005) (quoting *Alder v. Burt*, 240 F.Supp.2d 651, 677 (E.D.Mich. 003) (internal citation omitted)); *Lemmons v. O'Sullivan*, 54 F. 3d 357, 364–65 (7th Cir. 1995) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); *Gordon v. Duran*, 895 F. 2d 610, 612 (9th Cir. 1990) ("The failure to

respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F. 2d 184, 187 (11th Cir.1987) ("[A] default judgment is not contemplated in habeas corpus cases."); *Mahaday v. Cason*, 222 F.Supp.2d 918, 921 (E.D.Mich. 2002) ("A default judgment is unavailable in a habeas corpus proceeding on the ground that state officials fail to file a timely response to the petition.").

Moreover, the docket indicates that, on June 7, 2012, and in compliance with this Court's *Order*, Respondent filed a response to the *Motion to Vacate*. *Government's Answer to Petitioner's 28 U.S.C. § 2255 Motion* (Doc. 914)(filed under seal).

Under these circumstances, it is **RECOMMENDED** that Petitioner's *Motion for Summary Judgment* (Doc. 925) be **DENIED.**

Respondent is **DIRECTED** to mail another copy of the *Answer* to Petitioner at his current address, and to indicate on the docket that it has done so.

Petitioner may have until September 14, 2017, to file a traverse.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

    *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

August 23, 2017